United States Court of Appeals
Seventh Circuit



Timothy Fredrickson
Petitioner - Appellant

vs

No. 25-01107

United States
Respondant - Appellee

Now comes the Appellant, Fredrickson, in response to the court's January 24th order, and states as follows:

1. The last sentence of Rule 11(a) of the Federal Rules Governing 2255 Petitions states that: "•••. A motion to reconsider a denial does **not** extend the time to appeal".

2. No Seventh Circuit opinion contains this exact phrase[1] for binding guidance.

3. Accordingly, Fredrickson was forced to file a Notice of Appeal to preserve appeal rights, notwithstanding the pending motion to reconsider R.303, which he hoped would be resolved before the 60 days had passed.

4. As a result of Rule 11, whether the motion to reconsider was filed within 28 days is mooted as irrelevant unless this court interprets Rule 11's procedural trap as only applying to reconsideration *of a denied COA* as opposed to reconsideration *of the merits of the petition*.

5. Fredrickson preferred to wait until the motion to reconsider was ruled on, but his hand was forced by Rule 11's procedural trap and deviation from usual practice in combination with the lack of binding guidance from this circuit.

6. This is apparently an issue of first impression in this circuit, and Fredrickson in no way, shape, or form intends to ignore the question of finality. Fredrickson is strictly following an uninterpreted rule.

7. This court should interpret the rule as only applying to reconsideration *of a COA*, and subsequently suspend the request for circuit issuance of a certificate of appealability, which was addressed to full panel pursuant to FRAP 35(c).

Respectfully submitted,

/s/Tim Fredrickson

---

[1] cf Lathon v Meisner, 21-cv-00224 (E.D.Wis Sep-7-2023) (Addressing identical rule for §2254, and limiting the phrase to "motion[s] for reconsideration [] made solely with respect to [a] court's denial of a certificate of appealability").