_____

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

## No. 25-1107
_____

| | | |
|---|---|---|
| TIMOTHY B. FREDRICKSON, | ) | Appeal from the |
| | ) | United States District Court for |
| Petitioner-Appellant, | ) | the Central District of Illinois |
| | ) | |
| v. | ) | No. 22-cv-4154 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable Michael M. Mihm |
| | ) | United States District Judge |
| Respondent-Appellee. | ) | |

_____

## UNITED STATES' STATUS REPORT

The United States of America, by Gregory M. Gilmore, Acting United States Attorney for the Central District of Illinois, hereby responds to this Court's January 24, 2025, order requesting a status report within seven days of the district court's ruling on the petitioner Timothy Fredrickson's motion for reconsideration of the court's denial of his 28 U.S.C. § 2255 motion.

A. Procedural Background[1]

The petitioner, Timothy Fredrickson, pursued two minors in the span of a month and convinced one – a sixteen-year-old Illinois girl – to send him explicit videos. PSR ¶¶ 14-22. Following his conviction for sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), (e), the district court sentenced Fredrickson to a below-Guidelines sentence of 200 months' imprisonment, to be followed by a ten-year term of supervised release. Sent. Tr. 58; D.E. 6/4/2020; R. 183.

Relevant here, Fredrickson subsequently filed a motion to vacate that sentence under 28 U.S.C. § 2255, which the district court denied on November 18, 2024, declining to issue a certificate of appealability. R. 300. The court entered final judgment the following day, on November 19, 2024. R. 301.

Fredrickson filed a motion for reconsideration of the denial on December 19, 2024. R. 303. He requested a certificate of appealability on December 29, 2024. R. 304. Fredrickson then filed a notice of appeal regarding the denial of the § 2255 motion on January 18, 2025. R. 305.

---

[1] We use the following abbreviations for record citations: "R." followed by a number refers to a document in the district court record of the underlying criminal case, *United States v. Fredrickson*, CDIL No. 17-cr-40032; "D.E." followed by a date refers to a docket entry in that case; and "PSR" refers to the revised presentence report in that case (R. 172). "CA7 R." followed by a number refers to a document in this Court's record of the above-captioned appeal.

On January 24, 2025, this Court issued an order noting that the "order appealed from may not be a final appealable judgment within the meaning of 28 U.S.C. § 1291." CA7 R. 2 at 1. The Court explained that a "notice of appeal filed before the district court issues its ruling on a timely motion under Rule 59 of the Federal Rules of Civil Procedure is ineffective until the order disposing of the motion is entered on the district court's civil docket." *Id.* (citing Fed. R. App. P. 4(a)(4)).

Because Fredrickson had filed the motion for reconsideration on December 19, 2024, and it could be timely under the prison mailbox rule, the motion "could render [the] appeal premature, because the district court has not yet disposed of the motion and entered its order on the civil docket." CA7 R. 2 at 1. Consequently, the Court noted that Fredrickson could "file a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date the motion for reconsideration was deposited in the prison's internal mail system and stating whether first class postage was prepaid." *Id.* at 2. The Court suspended proceedings in the appeal pending the district court's resolution of the motion for reconsideration. *Id.* In doing so, the Court noted that if a party contended that the appeal should not be suspended, the party "should file a brief memorandum on or before February 14, 2025, stating why suspension is not appropriate." *Id.*

3

Finally, the Court ordered that the appellee should file a status report within seven days of a ruling on the motion for reconsideration, or on or shortly before February 28, 2025, if no order had yet issued. CA7 R. 2 at 2.

On February 10, 2025, Fredrickson filed a response to the Court's order addressing his reasons for filing the notice of appeal before his motion for reconsideration had been resolved. CA7 R. 3.

On February 12, 2025, the district court denied Fredrickson's motions for reconsideration and for a certificate of appealability. R. 311.

On February 14, 2025, this Court noted that the instant appeal would proceed to a determination of "whether a certificate of appealability should issue" following "the district court's February 12, 2025, order denying appellant's motion to reconsider." CA7 R. 5.

B.  Status Report

Given this Court's February 14, 2025, order, the Court is aware of the district court's February 12, 2025, order denying Fredrickson's motion for reconsideration. CA7 R. 5. The United States provides this status report and notes that same denial to ensure it is in full compliance with the Court's January 24, 2025, order.

Respectfully submitted,

GREGORY M. GILMORE
*Acting United States Attorney*

/s/ KATHERINE V. BOYLE
*Assistant United States Attorney*
*Office of the United States Attorney*
*201 South Vine Street, Suite 226*
*Urbana, Illinois 61802-3369*
*(217) 373-5875*

# CERTIFICATE OF SERVICE

I certify that on February 18, 2025, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system, and I hereby certify that within three days of this same date I caused a true and correct copy of the motion to be sent via United States Mail, first class and postage prepaid, addressed to the Defendant-Appellant:

Timothy B. Fredrickson, Reg. No. 22005-026
FCI SEAGOVILLE
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX  75159

/s/ Katherine V. Boyle
Assistant United States Attorney