United States Court of Appeals
Seventh Circuit

Tim Fredrickson

v.

Warden of Seagoville

No. 25-1107

U.S.C.A. - 7th Circuit
RECEIVED
MAY 27 2026

## Motion To Reconsider And Rehear En Banc

Now comes the Petitioner-Appellant, Fredrickson, who hereby moves for reconsideration and full panel rehearing pursuant to FRAP 40 and in support states as follows:

1. Fredrickson was arrested in 2017 and tried/convicted in 2020. See 17-cr-40032

2. On May 12, 2021, the direct appeal was denied. See 20-2051

3. On Oct 12, 2021, Certiorari was declined. See 21-5673

4. Before Oct 12, 2022, a 28 USC §2255 petition for Habeas Corpus was filed. See 22-04154

5. On Nov 18, 2024, the Habeas petition was denied, preemptively denying any potential certificate of appealablity. See 17-cr-40032

6. On Dec 19, 2024, a memorandum in support of COA was received by the district court. See R.303/304

7. On Jan 17, 2025, Fredrickson moved the Seventh Circuit for a COA on 8 issues. See 25-1107, Dkt. #1, pgs 54-62 (78).

8. On April 7, 2026, the Seventh Circuit summarily denied the same without an opinion or explanation. id.

### Summary of Argument

The panel ignored the "Reasonable Jurist" standard. This standard says that if a reasonable person could disagree with the district court, the COA *must* be granted. Fredrickson provided proof of such a debate; As such, the Seventh Circuit's denial of a COA is a "departure from the accepted and usual course of judicial proceedings" and "blatant ••• disrespect for the rule of law".

Fredrickson raised only the most clear cut and obvious issues on appeal; for example an ex post facto claim where jury instructions from a newly amended 2018 statute were used/broadened a 2017 offense; A statutory Speedy Trial Act violation where the precise number of unexcluded days was not tallied by any court --the absence of such a finding is the very definition of a debatable issue; Finally, the debatability of the free speech question at the core of this case was well established through Ivy League law journals, law professors, several judges, ACLU, and the public at large.

- 1 -

## Argument

Fredrickson emphasized that "the *debatability* ••• is the standard" and "to take the decision out of the court's hands in regards to whether a COA should grant" had provided "actual examples of a live debate". ROA #1 pg 80. Fredrickson further stressed the Supreme Court's clarification that the standard is "'*not* the resolution of that debate'". id citing *Miller-El v. Cockrell, 123 S. Ct. 1029 (2003)*.

For at least one claim, Fredrickson pointed to the seventh circuit's *own* admission of debatability. In *US v Haas, 37 F.4th 1256 (CA7 2022)* a panel noted "a circuit split had developed". A clear demonstration of a debate between reasonable *judges* and a far higher showing than reasonable *countrymen*. See App Dkt #10/11; Kroeker/Baker (CA10) (finding plain error in what can satisfy the commerce clause as a matter of law). There is also debate in another area:

The constitution protects children, yet crucially it does not borrow the meaning of the term from any statute. Even so, the courts strongly resist the clear letter of the law that Fredrickson's argument builds off of --that the age of consent is *sixteen*. An image ban at *eighteen* is thus constitutionally suspect. It defies common sense to refer to such citizens as "children". Despite implying exactly that, neither government nor court attempt to define child porn. Furthermore, whatever the constitution's test is, it is not a simple "child + porn = unprotected". The public has demanded an explanation opinion for decades --growing to an ascending crescendo with smartphones and texting. Avoiding an answer only fuels debate, hiding does not make debate vanish.

The public also has a uniquely strong interest in resolving how many days ticked on the Speedy Trial Act clock. The Act itself requires a finding regarding the public interest --a finding important enough that days must count against the government when not considered. That very failure to consider the public's interest is magnified here on COA. The continued refusal to acknowledge and consider the public's interest does not bode well for justice. Similarly, the absence of a resolution is a tacit admission that there is a debate.

The Seventh Circuit's denial of a COA was improper because at least one underlying constitutional claim is, at a minimum, debated among jurists of reason. In the face of actual debate by reasonable people, the denial of COA here is objective proof that Illinois judges are not reasonable people. It is also a child-like refusal to even acknowledge the existence of debate. Even Jesus' judge asked for the public's opinion. The American justice system is the eighth wonder of the world, because the world wonders what in the actual fuck is going on with American courts. Somehow this single case managed to demonstrate nearly every possible broken aspect of the federal system. The error is intentional. Equally as startling is if this many mistakes were truly accidental, yet somehow remain uncorrected.

In the seventh circus, prosecutors overlook police abuse, ignore laws and rules they don't like, and "win" against arguments by either changing what was said or pretending nothing was said at all. After honing such skills you become a judge. Justice has scales, but so does a snake. May you have a lawsuit in which you know you are in the right.

Fredrickson never once argued child porn was ok or should be protected you dumb deaf fucks. The dispute was who can be considered a "child", especially when that person can legally have sex in the absence of a camera. The statute itself refers to "minors", not children; Even federal statutes draw a clear distinction between the two terms "minor" and "child". See §2242(c) ("child"); §2256(1) ("minor"). The differing terms isn't mere semantics. The constitution's test is independent of any statute, and centers on the source of concrete and particularized harm. The court has strongly resisted any inquiry into any kind of harm, because officials inflicted grievous injury. The public does not visit courthouses anymore because there is no justice to be seen and evasive opinions are not worth the paper printed on. Federal proceedings are laughable and increasingly portrayed as unjust in pop culture[1]. The prosecution and judges in this case appear to be projecting their own guilt onto others to delay and evade discovery of their own acts. Stating that child porn is not protected  --something Fredrickson never questioned-- is akin to "I know you are but what am I" and "I'm not gay, you are". It is beginning to look like the prosecution and judges in this case are pedophiles with a guilty conscience, attempting to hide and distract by pointing fingers. Fredrickson's case indisputably involved a person at least sixteen, the age of consent under federal law. §2241-2.

---

1   For example, HBO's Euphoria in particular repeatedly emphasizes materially identical facts and circumstances as exist in this case

## Conclusion

Statutes do not supersede or otherwise tell the constitution what to do. The self-production and voluntary transmission of images in this case did not involve the same kind of unprotected harms associated with CSAM. The public is actively debating where to draw the personal autonomy and privacy line for sexual images, and are debating when and how harm (the unprotected characteristic of sexual images) is present in various situations. This debate was powerfully demonstrated in the request for COA and NOA.

The absence of a finding is *per se* a debatable issue requiring the issuance of a COA; and the record conclusively demonstrates that newly amended 2018 verbiage was included in a 2017 offense. To uphold the appearance of justice, a COA must grant.

Submitted,

/s/ Tim Fredrickson

Date: May 20, 2026

## Certificate of Service and Declaration of Inmate Filing

I, Tim Fredrickson, declare under penalty of perjury that:

I am an inmate confined at FCI Seagoville,

FCI Seagoville does not have a dedicated outgoing legal-mail system.

On this 20th of May 2026, I placed this document in the institution's standard internal mail receptical after 5PM.

The envelope had first-class postage affixed

The envelope was addressed to the clerk of court.

All counsel of record will receive the document electronically upon filing

Executed on: May 20, 2026

/s/ Tim Fredrickson